UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| |
|---|
| UNDER SEAL, |
| Plaintiff |
| v. |
| UNDER SEAL, |
| Defendant. |

Case: 1:26-cv-00621 JURY DEMAND
Assigned To : Kelly, Timothy J.
Assign. Date : 2/25/2026
Description: Gen. Civil (E-DECK)

COMPLAINT FOR VIOLATIONS OF THE FALSE CLAIMS
ACT (31 U.S.C. §3729, *et seq.*)

JURY TRIAL DEMANDED

FILED UNDER SEAL PURSUANT TO 31 U.S.C.

§3730(b)(2)

DO NOT PLACE ON PACER

RECEIVED

FEB 2 5 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

1

**TO BE FILED UNDER SEAL**

| | |
|---|---|
| UNITED STATES OF AMERICA, *ex rel.* MICHAEL VAN BEMMELEN,<br><br>Plaintiff-Relator,<br><br>v.<br><br>LAKE MONTICELLO OWNERS ASSOCIATION,<br><br>Defendant | Civil Action No. _____<br><br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL FALSE CLAIMS ACT**<br><br>**JURY TRIAL REQUESTED** |

Plaintiff and *qui tam* relator Michael Van Bemmelen ("Relator" or "Van Bemmelen"), by his undersigned attorneys, respectfully brings this action to recover damages and civil penalties on behalf of the United States government ("United States") for violations of the federal False Claims Act, 31 U.S.C. §§ 3729 *et seq.* (the "FCA"), and alleges as follows:

1.     Lake Monticello Owners Association ("LMOA" or "Defendant") is organized under Section 501(c)(4) of the Internal Revenue Code ("IRC"). As such, it was categorically ineligible to receive loans under the Paycheck Protection Program ("PPP") administered by the U.S. Small Business Administration ("SBA") pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136.

2.     Notwithstanding its ineligibility, Defendant applied for and received a PPP loan through an SBA-approved lender, and subsequently applied for and received forgiveness of the loan. In total, Defendant obtained and retained approximately $653,778.59 in federal funds to which it was not entitled.

2

3.      To obtain these loans, Defendant certified on an SBA Form 2483 (Borrower Application Form) that it was "eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the [SBA] implementing the Paycheck Protection Program." In applying for loan forgiveness, it further certified that all information it had provided was true and correct. Those certifications were false.

4.      Defendant's false eligibility certifications, and its submissions of applications and forgiveness requests premised on those certifications, constitute false claims presented to the United States Government in violation of the FCA. Defendant's receipt and retention of forfeited loan proceeds constitutes unjust enrichment at the expense of the United States.

5.      Relator therefore brings this qui tam complaint on behalf of the federal government, and further alleges as follows:

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1345, and 31 U.S.C. § 3732(a), which specifically confer jurisdiction upon the district courts of the United States over civil actions under the False Claims Act.

7.      This Court has personal jurisdiction over Defendant pursuant to 31 U.S.C. § 3732(a), which authorizes nationwide service of process in FCA actions, conferring personal jurisdiction over any defendant who may be served anywhere in the United States.

8.      Venue is proper in this District pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1391(b) because acts proscribed by 31 U.S.C. § 3729 occurred within this District. Specifically, Defendant's false claims for payment were submitted to and processed by the U.S. Small Business Administration ("SBA"), which is a federal agency headquartered at 409 Third Street, S.W., Washington, D.C. 20416. The SBA, acting as agent of the United States within this

3

District, reviewed, approved, and guaranteed Defendant's PPP loans and approved the forgiveness of that loan in connection with operations conducted from its headquarters within this District.

## PARTIES

9.      Relator Michael Van Bemmelen ("Van Bemmelen") is an individual residing in Bergen County, New Jersey. Van Bemmelen brings this action on behalf of the United States of America pursuant to 31 U.S.C. § 3730(b).

10.     Defendant Lake Monticello Owners Association ("LMOA") is a nonprofit corporation organized and existing under the laws of the State of Virginia. At all times relevant to this action, LMOA maintained its principal place of business at 41 Ashlawn Blvd, Palmyra, Virginia 22963-3330.

11.     At all times relevant to this action, LMOA was recognized by the IRS as a tax-exempt organization under Section 501(c)(4) of the IRC. LMOA has filed IRS Form 990 annual information returns confirming its 501(c)(4) status for each tax year encompassing the periods during which it applied for and received the PPP loans at issue. LMOA's Employer Identification Number is 54-0897858.

## THE FALSE CLAIMS ACT

12.     The FCA imposes liability on any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval" to the United States Government. 31 U.S.C. § 3729(a)(1)(A). The FCA also imposes liability on any person who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim." 31 U.S.C. § 3729(a)(1)(B).

4

13. The FCA defines "knowingly" to mean that a person "(i) has actual knowledge of the information; (ii) acts in deliberate ignorance of the truth or falsity of the information; or (iii) acts in reckless disregard of the truth or falsity of the information." 31 U.S.C. § 3729(b)(1). Proof of specific intent to defraud is not required. Id.

14. A "claim" under the FCA includes any request or demand for money or property submitted to an agent of the federal government acting on its behalf. 31 U.S.C. § 3729(b)(2). PPP loan applications and forgiveness applications submitted to SBA-approved lenders constitute "claims" within the meaning of the FCA.

15. A false statement or certification is "material" to a claim if it has a natural tendency to influence, or is capable of influencing, the payment or receipt of money or property. 31 U.S.C. § 3729(b)(4); *Universal Health Servs., Inc. v. United States ex rel. Escobar*, 579 U.S. 176, 193 (2016). An eligibility certification is unquestionably material — the SBA would not and could not lawfully have approved a PPP loan or honored a forgiveness request submitted by an ineligible 501(c)(4) borrower.

## FACTUAL BACKGROUND

**A. The Paycheck Protection Program.**

16. In March 2020, Congress enacted the CARES Act, Pub. L. 116-136, 134 Stat. 281 (2020), in response to the economic disruption caused by the COVID-19 pandemic. Title I of the CARES Act established the Paycheck Protection Program, authorizing the SBA to guarantee loans to qualifying borrowers to help them maintain payroll and cover certain other operating expenses during the pandemic.

17. PPP loans were made by SBA-approved private lenders and were 100% guaranteed by the SBA. Borrowers who used loan proceeds for qualifying expenses — primarily

5

payroll costs — were eligible to apply for loan forgiveness, which converted the loan to a direct grant paid entirely by the federal government.

18.    PPP loans were available during two distinct rounds: the first-draw program, which opened April 3, 2020, and the second-draw program, which opened January 11, 2021. Second-draw loans were available only to borrowers who had received and properly used first-draw loans.

**B.  Eligibility for PPP Loans.**

19.    The CARES Act established specific eligibility requirements for PPP borrowers. Section 1102 of the CARES Act expressly extended PPP eligibility to nonprofit organizations described in Section 501(c)(3) of the IRC and veterans organizations described in Section 501(c)(19) of the IRC. Pub. L. 116-136 § 1102(a)(2) (codified at 15 U.S.C. § 636(a)(36)(A)(viii)).

20.    The CARES Act did not extend PPP eligibility to organizations described in Section 501(c)(4) of the IRC. The statutory language was explicit and specific: only 501(c)(3) and 501(c)(19) organizations — not 501(c)(4) organizations — were made eligible. This distinction reflected a deliberate congressional policy decision to exclude from federal COVID-19 relief funds those organizations primarily engaged in social welfare activities, which may include political advocacy.

21.    The SBA confirmed and codified this exclusion in its interim final rules implementing the PPP. See Business Loan Program Temporary Changes; Paycheck Protection Program, 85 Fed. Reg. 20811, 20812-13 (Apr. 15, 2020) ("First IFR"). The First IFR expressly limited eligible nonprofit organizations to those described in IRC § 501(c)(3) and veterans organizations under IRC § 501(c)(19). Section 501(c)(4) organizations were not identified as eligible borrowers in the First IFR or any subsequent implementing rule or guidance. The Second

6

Draw PPP rules likewise maintained this exclusion. See Business Loan Program Temporary Changes; Paycheck Protection Program Second Draw Loans, 86 Fed. Reg. 3712 (Jan. 14, 2021) ("Second Draw IFR").

22.     The SBA PPP Borrower Application Form (SBA Form 2483) required every applicant to certify, under penalty of perjury, that "[t]he Applicant is eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the [SBA] implementing the Paycheck Protection Program." An eligibility certification made by a 501(c)(4) organization was false when made.

23.     PPP Loan Forgiveness Applications (SBA Form 3508) carried independent certification requirements. Borrowers were required to certify, among other things, that the information provided was "true and correct in all material respects" and that the borrower had accurately verified all payments for which forgiveness was sought. A forgiveness certification by an ineligible 501(c)(4) borrower was independently false.

24.     The United States Department of Justice has determined that loans provided to 501(c)(4) entities are a basis for False Claims Act claims. *See https://www.justice.gov/usao-dc/pr/six-non-profits-agree-pay-over-3-million-resolve-false-claims-act-allegations-involving.*

**C.  Defendant's Ineligibility.**

25.     Defendant Lake Monticello Owners Association is, and was at all relevant times, a nonprofit organization recognized by the IRS under Section 501(c)(4) of the IRC. Section 501(c)(4) designates organizations operated exclusively for the promotion of social welfare. Such organizations are legally and categorically distinct from charitable organizations

7

recognized under Section 501(c)(3) and were not eligible for PPP loans under the CARES Act or the SBA's implementing rules.

26. As a 501(c)(4) organization, LMOA did not qualify as an "eligible recipient" under the CARES Act, 15 U.S.C. § 636(a)(36)(A)(viii), the First IFR, 85 Fed. Reg. 20811, or any subsequent SBA rule or guidance implementing the PPP. LMOA was ineligible for a PPP loan at the time of each application it submitted, and ineligible for forgiveness of any loan proceeds it received.

27. LMOA was fully aware of its 501(c)(4) status at all relevant times. The SBA's guidance was publicly available, widely publicized, and unambiguous. No reasonable interpretation of the CARES Act or the SBA's implementing regulations could have led LMOA to conclude that it was an eligible PPP borrower.

28. As a nonprofit organization subject to mandatory annual federal reporting obligations, LMOA filed IRS Form 990 returns affirming its status as a Section 501(c)(4) organization. LMOA's Form 990 filings for tax years 2019 and 2020 demonstrates organizational sophistication and access to professional guidance on questions of tax status and federal program eligibility.

**D. Defendant's PPP Loans and False Certifications.**

**1. First-Draw PPP Loan.**

29. On or about April 13, 2020, LMOA submitted a PPP Borrower Application (SBA Form 2483) to Atlantic Union Bank (SBA Lender Location ID 122517), an SBA-approved lender with offices in Richmond, Virginia. The application sought a first-draw PPP loan to cover LMOA's purported payroll and other qualifying expenses.

8

30.     In that application, LMOA certified that it was "eligible to receive a loan under the rules in effect at the time this application is submitted that have been issued by the [SBA] implementing the Paycheck Protection Program." That certification was false. LMOA was a 501(c)(4) organization and was categorically ineligible for any PPP loan.

31.     In reliance on LMOA's false certification of eligibility, Atlantic Union Bank approved and funded the loan on or about April 13, 2020. The SBA assigned the loan SBA Loan Number 5375907101. The initial approval amount was $676,842.00.

32.     On or about May 20, 2021, LMOA submitted a PPP Loan Forgiveness Application (SBA Form 3508) to Atlantic Union Bank, seeking full forgiveness of the first-draw loan. In that forgiveness application, LMOA again certified the accuracy of all information provided and its eligibility for forgiveness. Those certifications were false for the same reasons set forth above.

33.     The first-draw loan was forgiven in the amount of $653,778.59 on or about May 20, 2021. The United States Treasury bore the full cost of that forgiveness. LMOA thus obtained and retained $653,778.59 in federal funds to which it was not entitled.

## 2.  Summary of False Claims and Damages.

34.     In total, LMOA submitted at least two (2) false or fraudulent claims to the United States: (1) the PPP loan application containing a false eligibility certification (on or about April 13, 2020); and (2) the PPP loan forgiveness application containing false certifications (on or about May 20, 2021).

35.     As a direct and proximate result of Defendant's false claims, the United States paid and suffered damages of at least $653,778.59 — representing the total forgiven amount of

$653,778.59 on the PPP loan — exclusive of interest, penalties, costs, and applicable multipliers under the FCA.

## ORIGINAL SOURCE

36.     Van Bemmelen is the original source of the information and allegations contained in this Complaint within the meaning of 31 U.S.C. § 3730(e)(4)(B).

37.     Prior to filing this action, Van Bemmelen independently researched and analyzed (i) the eligibility requirements governing access to PPP loans under the CARES Act and the SBA's implementing interim final rules; (ii) publicly available SBA PPP loan data identifying nonprofit organizations that received PPP loans; (iii) IRS records and IRS Form 990 filings confirming the 501(c)(4) tax-exempt status of such organizations; and (iv) the applicable legal framework under the False Claims Act.

38.     Based on that independent research and analysis, Van Bemmelen identified Defendant's 501(c)(4) tax-exempt status, its receipt of PPP loans for which it was categorically ineligible, and the resulting false claims submitted to and paid by the United States. Van Bemmelen's knowledge is independent of and materially adds to any publicly available information regarding the transactions and allegations set forth herein. Van Bemmelen has voluntarily disclosed this information to the Government prior to filing this action.

## DAMAGES

39.     As a direct and proximate result of Defendant's violations of the FCA, the United States has been damaged in the amount of at least $653,778.59, representing the total PPP loan proceeds wrongfully obtained and retained by Defendant.

40.     Pursuant to 31 U.S.C. § 3729(a)(1), the United States is entitled to recover treble damages in the amount of at least $1,961,335.77, plus civil monetary penalties of not less than

10

$13,946 and not more than $27,894 per false claim, as adjusted pursuant to 28 C.F.R. § 85.5, plus the costs of this action.

41.     Defendant submitted at least two (2) false claims as alleged herein, resulting in a maximum civil penalty exposure of at least $55,788.00 (2 × $27,894), in addition to treble damages, exclusive of costs.

**CAUSES OF ACTION**

**COUNT I**

**PRESENTATION OF FALSE CLAIMS**
**31 U.S.C. § 3729(a)(1)(A)**

42.     Relator re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

43.     By submitting the application and forgiveness request described herein, each containing false and fraudulent certifications of eligibility, Defendant knowingly presented, or caused to be presented, false or fraudulent claims for payment or approval to the United States Government, in violation of 31 U.S.C. § 3729(a)(1)(A).

44.     Each such submission constituted a separate false claim. Defendant knew it was a 501(c)(4) organization ineligible for PPP loans. Defendant's false eligibility certifications were material to the Government's decisions to approve the loans and to honor the forgiveness applications. As a direct result, the United States paid and suffered actual damages of at least $653,778.59.

**COUNT II**

**USE OF FALSE RECORDS OR STATEMENTS MATERIAL TO FALSE CLAIMS**
**(31 U.S.C. § 3729(a)(1)(B))**

45.    Relator re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

46.    By making, using, or causing to be made or used the false certifications contained in SBA Form 2483 and the PPP Loan Forgiveness Application described herein, Defendant knowingly made, used, or caused to be made or used false records or statements material to false or fraudulent claims against the United States, in violation of 31 U.S.C. § 3729(a)(1)(B).

47.    The false certifications of eligibility were records and statements material to the United States' decisions to fund the loan and to approve forgiveness. Had Defendant truthfully disclosed its 501(c)(4) status, each application would have been denied. As a direct result, the United States paid and suffered actual damages of at least $653,778.59.

## COUNT III

### RETENTION OF PROCEEDS OF A FALSE CLAIM
### (31 U.S.C. § 3729(a)(1)(G))

48.    Relator re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

49.    By knowingly retaining $653,778.59 in federal PPP loan proceeds and forgiveness payments to which it was not entitled, Defendant knowingly concealed and improperly avoided or decreased an obligation to repay or transmit money to the United States, in violation of 31 U.S.C. § 3729(a)(1)(G). Defendant had an obligation to disclose its ineligibility and to repay all loan proceeds received. Defendant failed to do so.

## PRAYER FOR RELIEF

12

WHEREFORE, Relator Michael Van Bemmelen, on behalf of the United States of America, respectfully requests that this Court enter judgment in favor of the United States and against Defendant Lake Monticello Owners Association, and award the following relief:

(a) Three times the amount of actual damages sustained by the United States as a result of Defendant's violations of the FCA, pursuant to 31 U.S.C. § 3729(a)(1);

(b) Civil monetary penalties for each false claim submitted, pursuant to 31 U.S.C. § 3729(a)(1) and 28 C.F.R. § 85.5;

(c) A relator's share of the proceeds of this action in accordance with 31 U.S.C. § 3730(d);

(d) The costs of this civil action, including reasonable attorneys' fees and expenses, pursuant to 31 U.S.C. § 3730(d);

(e) Pre- and post-judgment interest at the applicable legal rate; and

(f) Such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Relator demands a trial by jury on all issues so triable.

Dated: February 23, 2026

Respectfully submitted,

**BIENSTOCK PLLC**

By: *Martin Bienstock*
    Martin Bienstock
    1629 K Street, N.W., No. 300
    Washington, D.C. 20006
    Tel: (202) 908-6600
    MBienstock@BienstockPLLC.com

    Attorney for Relator *Michael Van Bemmelen*

13

14

14